[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14451
Non-Argument Calendar
_____

D.C. Docket Nos. 6:14-cv-01451-CEM; 6:13-bkc-14645-CCJ

IN RE: ENRIQUE HERNANDEZ,

Debtor.
_____

ENRIQUE HERNANDEZ,

Plaintiff - Appellant,

versus

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 12, 2017)

Before HULL, WILSON, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Enrique Hernandez appeals the bankruptcy court's grant of Federal National Mortgage Association's (Fannie Mae) third party motion for relief from the automatic stay imposed on its efforts to obtain possession of the property where Hernandez resides, which Fannie Mae purchased from the mortgage lender in a foreclosure sale. Hernandez challenges the merits of the bankruptcy court's ruling, Fannie Mae's standing to file the motion, and the bankruptcy court's failure to afford him due process in deciding the motion. After careful review, we affirm.

## I.    BACKGROUND

Hernandez resides in a house at 816 Rolling Green Drive, Apopka, Florida ("the property"). On December 2, 2013, Hernandez filed for Chapter 13 bankruptcy protection in the United States Bankruptcy Court for the Middle District of Florida. This filing resulted in an automatic stay on "any act to obtain possession of property of the [bankruptcy] estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3).

Hernandez subsequently filed in the bankruptcy court a motion for sanctions and damages alleging that Fannie Mae violated the automatic stay by sending him a letter seeking to take possession of the property and threatening state court action. Hernandez attached to the motion a Certificate of Title indicating that the

2

property had been sold to Fannie Mae by the lender on September 7, 2012. The Certificate of Title noted that a Certificate of Sale had been executed on that day. Hernandez also attached to the motion documentation showing that he had unsuccessfully attempted to set aside the Certificate of Sale in Florida state court. The documents included the Florida Ninth Judicial Circuit Court's denial of Hernandez's motion to set aside the sale and the Florida Fifth District Court of Appeals's summary affirmance of that decision. In addition, Hernandez provided the court with a state court order staying Fannie Mae's writ of possession on the property and Fannie Mae's subsequent state court motion to lift the stay. The latter noted that the state court had previously entered a final judgment of foreclosure against Hernandez as to the property and that Fannie Mae was the successful bidder on the property at a foreclosure sale.

The bankruptcy court noticed a preliminary hearing on the motion for sanctions. At the hearing, Fannie Mae orally made a motion seeking relief from the automatic stay to pursue its efforts to obtain possession of the property. Fannie Mae asserted that it was entitled to relief because it obtained a certificate of title to the property before Hernandez petitioned for bankruptcy, meaning the property never became part of the bankruptcy estate. Without affording Hernandez an opportunity to respond, the bankruptcy court orally granted Fannie Mae's motion. Hernandez protested that he wanted an evidentiary hearing before the automatic

3

stay was lifted. The court responded that it had already made its decision with regard to the stay and subsequently entered a written order granting the motion for relief. The court nevertheless gave Hernandez 30 days to find another place to live.

Hernandez appealed the bankruptcy court's decision to grant Fannie Mae relief from the automatic stay to the district court, which affirmed on the ground that it lacked jurisdiction to upset a state court judgment.[1] Hernandez now appeals to this Court.

## II.    STANDARD OF REVIEW

"We review the district court's decision to affirm the bankruptcy court *de novo*, which allows us to assess the bankruptcy court's judgment anew, employing the same standard of review the district court itself used." *In re Globe Mfg. Corp.*, 567 F.3d 1291, 1296 (11th Cir. 2009). We review the bankruptcy court's decision to grant relief from the automatic stay imposed by 11 U.S.C. § 362 for an abuse of discretion. *In re Dixie Broad., Inc.*, 871 F.2d 1023, 1026 (11th Cir. 1989).

## III.    DISCUSSION

The bankruptcy court did not abuse its discretion in granting Fannie Mae relief from the automatic stay. Under 11 U.S.C. § 362(d)(1), a bankruptcy court "shall grant relief from the stay . . . for cause." Here, the bankruptcy court had

---

[1] The bankruptcy court stayed its order granting Fannie Mae relief from the automatic stay pending the outcome of Hernandez's appeal to the district court.

good cause to grant the motion for relief.  Hernandez attached to his motion for

sanctions a Certificate of Title, which was issued by the county clerk and recorded

with the county, indicating that a Certificate of Sale had been executed transferring

title of the property to Fannie Mae over a year before Hernandez filed for

bankruptcy.  The sale to Fannie Mae was confirmed by the Florida state courts

through a legal process that terminated before the bankruptcy filing.  And the

record before the bankruptcy court contained no other evidence suggesting that

Fannie Mae failed to take valid title to the property before Hernandez filed his

bankruptcy petition.[2]  Thus, the bankruptcy court properly granted Fannie Mae

relief from the automatic stay as the property never became part of the bankruptcy

estate.[3]

To the extent Hernandez asks us to conclude otherwise, we are barred from

doing so by the *Rooker-Feldman* doctrine, which prohibits federal court review of

state court final judgments.  *See Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir.

2009).  Under the doctrine, a federal court may not review a claim that is

---

[2] Hernandez argues on appeal that the bankruptcy judge failed to afford him due process by denying him notice and an opportunity to respond to Fannie Mae's motion for relief.  To the extent the bankruptcy court erred, the error was harmless because the documents Hernandez attached to his motion for sanctions sufficed to show that the property never became part of the bankruptcy estate, and Hernandez has failed to identify any evidence to the contrary.  *See* Fed. R. Bankr. P. 9005 (incorporating Fed. R. Civ. P. 61 into the bankruptcy rules); Fed. R. Civ. P. 61 ("Unless justice requires otherwise, no . . . error by the court . . . is ground for . . . disturbing a judgment or order.").

[3] For the same reasons, we reject as meritless Hernandez's argument that Fannie Mae lacked standing to seek relief from the automatic stay.  Fannie Mae had standing as a third party purchaser and putative owner of the property.

"inextricably intertwined" with a state court judgment.[4] *Id.* A claim is inextricably intertwined if it "succeeds only to the extent that the state court wrongly decided the issues." *Id.* (internal quotation marks omitted). Here, to decide that Fannie Mae was not entitled to relief on Hernandez's asserted grounds, a federal court would have to determine that the sale of the property to Fannie Mae was invalid or did not take place. Doing so would require the Court to conclude that the Florida state courts erred in declining to set aside the Certificate of Sale granting the property to Fannie Mae. Under the *Rooker-Feldman* doctrine, we may not do so.[5]

## IV.    CONCLUSION

We affirm the bankruptcy court's grant of relief from automatic stay to Fannie Mae.

**AFFIRMED.**

---

[4] Hernandez argues that the *Rooker-Feldman* doctrine does not apply to this case because Fannie Mae was not a party to the state court action. But for the doctrine to apply, only the party seeking to upset a state court judgment had to have been a party to the state court action. *See Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). Indeed, the doctrine applies to issues raised "by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] court proceedings commenced and inviting [federal] court review and rejection of those judgments." *Nicholson v. Shafe*, 558 F.3d 1266, 1273 (11th Cir. 2009) (internal quotation marks omitted). It is therefore of no significance that Fannie Mae was not a party to the state court proceedings.

[5] Fannie Mae also argues that this appeal is moot because Hernandez has been discharged from bankruptcy. We reject this argument for the reasons explained in this court's January 9, 2017 denial of Fannie Mae's motion to dismiss the appeal as moot.